In the Matter of the Application of THE BROOKLYN UNION GAS COMPANY, Petitioner, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission, Head of the State Division of the Department of Public Service of the State of New York, and Another, Respondents.

Third Department, June 27, 1935.

*Cullen & Dykman* [*Jackson A. Dykman, Sigourney B. Olney, Neile F. Towner* and *George A. Wood* of counsel], for the petitioner.

*Charles G. Blakeslee*, for the respondents.

HILL, P. J. Under certiorari we are reviewing an order of the Public Service Commission dated March 3, 1934, as amended by an order dated March 14, 1934, requiring the petitioner " to establish on or before April 1, 1934, by tariff schedules filed on not less than one day's notice to the public and this Commission, rates for gas making reductions of not less than 5 per cent in all of its rates and charges now in force and effect to consumers served under Service

Classifications Nos. 1, 2 and 4 of its filed tariff." Under the order this rate was "not to be continued in effect for a longer period than one year from March 16, 1934, unless otherwise directed." This proceeding was conducted by the Commission under the "temporary emergency" theory.

The determination should be annulled for the reasons stated in *Matter of New York Edison Co. v. Maltbie* (244 App. Div. 436). In the *New York Edison* case we remitted the matter to the Commission for a new hearing on the merits to determine the ownership of a large sum of money impounded under the terms of the order which stayed, pending review, the enforcement of the rates fixed by the Commission. The petitioner urges that this determination should be annulled and the proceeding dismissed and that a new hearing should not be directed. The enforcement of the new rate was stayed by the Commission's order of March 14, 1934, upon conditions:

"2. That the extension of time within which The Brooklyn Union Gas Company shall file the said schedules granted by this order is upon the express condition and not otherwise that the said corporation shall file with this Commission sufficient undertakings or bonds conditioned upon the prompt repayment by such corporation to its customers, in the event that the said order made by this Commission on March 3, 1934, and the reduced rates therein ordered and directed are finally sustained upon any review thereof according to law, of the sums of money received by such corporation from its customers for gas service supplied on and after March 16, 1934, under the rate schedules of such corporation now in force and effect in excess of the sums which would have been received if such gas service had been supplied, billed and collected at the rates and charges ordered and required by this Commission in and by its order made herein on March 3, 1934, together with interest at the rate of 6 per cent per annum upon any and all excess amounts so collected and to be repaid."

Under section 1304 of the Civil Practice Act, it is the duty of the Appellate Division to dismiss this proceeding in the event it is decided that the Commission had no "jurisdiction of the subject matter of the determination under review." (Subd. 1.)

Rate making is a legislative function; the Commission acts by delegated authority. Legislative methods may be followed in arriving at a decision and rate. Courts are concerned that rules of law shall not be violated to the prejudice of a party, and that rates shall be neither confiscatory nor exorbitant. (*Los Angeles Gas Corp. v. Railroad Commission*, 289 U. S. 287.) The Commission has jurisdiction to fix the price at which gas may be sold and to

authorize a temporary increase or decrease in such price pending a final determination. (Public Service Law, § 72.)

The court chooses to direct a new hearing herein on the merits on the theory that the Commission began this rate proceeding under statutory authority; that its *ultra vires* acts in assuming to legislate that an emergency existed, and the other prejudicial errors of law, were mistakes in procedure. The ownership of a large sum of money earmarked under the provisions of the March 14, 1934, order must be determined. When methods followed by the Commission are not those required by law, or when rules of law have been violated, to the prejudice of the petitioner, or if upon all the evidence there is such a preponderance of proof against the existence of a fact found that the verdict of a jury affirming the existence thereof would be set aside as against the weight of evidence, it is the duty of the Appellate Division to reverse and direct a new trial. (Civ. Prac. Act, §§ 1304 and 1305; *People ex rel. McAleer* v. *French*, 119 N. Y. 502; *People ex rel. Town of Hempstead* v. *Tax Commissioners*, 214 id. 594; *People ex rel. Gilson* v. *Gibbons*, 231 id. 171, 177. Cf. *Niagara Falls Power Co.* v. *Water P. & C. Comm.*, 267 id. 265, 278.) I am not unmindful that *inter alia* difficulties may be encountered in attempting to fix a rate for a definite period of one year when the original proceeding was not incidental to the fixing of permanent rates. If the legal difficulties are insurmountable, the Commission or the courts may dismiss the proceeding later.

The determination should be annulled and matter remitted to the Public Service Commission for a new hearing on the merits, with fifty dollars costs and disbursements.

RHODES, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Determination annulled and matter remitted to the Public Service Commission for a new hearing on the merits, with fifty dollars costs and disbursements.