## NEW YORK EX REL. CONSOLIDATED WATER CO. *v.* MALTBIE ET AL.

No. 380. Argued February 3, 4, 1938.—Decided February 14, 1938.

*Mr. Thayer Burgess,* with whom *Mr. George H. Kenny* was on the brief, for appellant.

*Mr. Gay H. Brown,* with whom *Mr. Wendell P. Brown* was on the brief, for appellees.

PER CURIAM.

In a proceeding before the Public Service Commission of the State of New York relating to rates for water supplied by appellant to the City of Utica and adjacent communities, the Commission, on June 28, 1933, after full hearing and upon findings determining the fair value of the property of appellant used and useful in rendering service to its customers, the amount of annual operating income required to yield a six per cent. return upon such fair value, and the average operating income of the company for the years 1930 and 1931 (as adjusted to allow for additional expense), directed appellant to file a schedule of rates which should effect a reduction in its annual operating revenues of at least $120,000 per annum. The Commission denied a rehearing with permission to apply for an increase of rates if, after a reasonable time, it should appear that a definite change in prices had occurred.

In certiorari proceedings, appellant challenged these determinations and orders as unlawful and confiscatory, in violation of the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States. The Appellate Division, Third Department, of the Supreme Court of the State, sustained the action of the Commission, 245 App. Div. 866; 282 N. Y. S. 412, and the Court of Appeals affirmed the order of the Appellate Division. 275 N. Y. 357; 9 N. E. 2d 961. The case comes here on appeal which appellees move to dismiss for the want of jurisdiction upon the ground that no substantial federal question is involved.

1. Appellant contends that it is entitled to the exercise of the independent judgment of a court as to the law and the facts with respect to the issue of confiscation and that

such a review has not been accorded because of the limitations imposed by the state practice in certiorari proceedings. 275 N. Y. at p. 370; 9 N. E. 2d 961. Appellant has no standing to raise this question as appellant itself sought review by certiorari and has not invoked the plenary jurisdiction of a court of equity and it does not appear that this remedy is not available under the state law. *Matter of Pennsylvania Gas Co.* v. *Public Service Comm'n,* 211 App. Div. 253, 256; 207 N. Y. S. 599; *Matter of New Rochelle Water Co.* v. *Maltbie,* 248 App. Div. 66, 70; 289 N. Y. S. 388.

2. Upon the review of the Commission's orders by certiorari, only questions of law were open under the state practice, including the question whether there was evidence to sustain the findings of the Commission. 275 N. Y. at p. 366; 9 N. E. 2d 961. In that view no substantial federal question is presented. *Cedar Rapids Gas Co.* v. *Cedar Rapids,* 223 U. S. 655, 668–670; *Interstate Commerce Comm'n* v. *Louisville & Nashville R. Co.,* 227 U. S. 88, 91, 92; *New York ex rel. New York & Queens Gas Co.* v. *McCall,* 219 N. Y. 84, 88–90; 245 U. S. 345, 348, 349. The motion to dismiss is granted.

*Dismissed.*

MR. JUSTICE CARDOZO took no part in the consideration and decision of this case.