**NEW YORK STATE ELECTRIC & GAS CORPORATION v. PUBLIC SERVICE COMMISSION OF NEW YORK et al.**

**No. 132.**

Circuit Court of Appeals, Second Circuit.
March 6, 1939.

454

Travis, Brownback & Paxson, of New York City (Warnick J. Kernan, of Utica, N. Y., and Jesse J. Holland, of New York City, of counsel), for appellant.

Gay H. Brown, of Albany, N. Y. (John T. Ryan, of Cortland, N. Y., and Laurence J. Olmsted, of Syracuse, N. Y., of counsel), for appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal by the New York State Electric and Gas Corporation (hereafter for brevity called the Company) from a dismissal of its bill of complaint seeking to enjoin enforcement of an order of the Public Service Commission of the state of New York. Since no application for an interlocutory injunction was pressed in the district court, the hearing was properly had before a single judge and an appeal from his order lies to this court. Smith v. Wilson, 273 U.S. 388, 47 S.Ct. 385, 71 L.Ed. 699; McCart v. Indianapolis Water Co., 302 U.S. 419, 58 S.Ct. 324, 82 L.Ed. 336.

Upon motion of the defendants, Judge Patterson dismissed the suit for the reasons given in his opinion in a companion case, Long Island Water Corp. v. Public Service Comm., D.C., 23 F.Supp. 834. Those reasons were that the bill of complaint disclosed on its face that the matters complained of were res judicata by reason of prior proceedings in the courts of the state of New York. The Company is a domestic corporation engaged in the business of distributing electricity and gas within municipalities of the state. For several years it has had contracts with affiliated corporations pursuant to which they supply engineering, managerial, purchasing, auditing and advertising services; and for such services the Company has made payments that have been entered in its fixed capital account or in its operating expense account under the uniform system of accounts prescribed by the Commission. In 1932, after hearings, the Commission directed that future payments under such contracts should be charged against the Company's surplus account, it being the intent of the order that such payments should be borne directly and solely by the Company's stockholders. The Company promptly brought an equity suit in the Supreme Court of Albany County to restrain the Commission from enforcing its order on the ground that the order was confiscatory and violated rights of the Company under the federal constitution. A motion to dismiss the complaint as failing to state a cause of action was denied by the Supreme Court in an opinion reported in New York State Electric & Gas Corporation v. Maltbie, 147 Misc. 560, 264 N.Y.S. 97. On appeal the lower court was reversed in a memorandum opinion, reported in 241 App.Div. 780, 270 N.Y.S. 1010, "on the ground that the plaintiff has another adequate remedy." This judgment was affirmed without opinion in 266 N.Y. 521, 195 N.E. 182. In the meantime, the Company had brought a certiorari proceeding to review the Commission's order, and thereafter in this proceeding the Appellate Division in an opinion reported in 245 App.Div. 131, 281 N.Y.S. 384, upheld the order, with a minor modification not now material. This judgment was affirmed without opinion in 274 N.Y. 591, 10 N.E.2d 567, and a motion for reargument was denied in 275 N.Y. 534, 11 N.E.2d 736. Shortly thereafter the Company filed its bill in the present suit. Its bill referred to the prior proceedings in the state courts, alleged that, notwithstanding the constitutional issue presented both in the equity suit and in the certiorari proceeding, the Company did not receive the independent judgment of a judicial tribunal upon the law and the facts, and charged that the failure of the state to provide an opportunity to submit the issue of confiscation to a judicial tribunal for determination upon its own independent judgment as to law and facts denied the Company an adequate remedy and deprived it of its property without due process of law in violation of

the Fourteenth Amendment, U.S.C.A. Const.

 The claim of federal equity jurisdiction is based upon allegations that the Commission's order was confiscatory and, contrary to the constitutional requirements recognized in Ohio Valley Water Co. v. Ben Avon Borough, 253 U.S. 287, 289, 40 S.Ct. 527, 64 L.Ed. 908, that no complete judicial review was available in the courts of New York. We may assume without decision the doubtful contention that the order, though relating only to accounting entries (see State Corporation Commission of State of Kansas v. Wichita Gas Co., 290 U.S. 561, 54 S.Ct. 321, 78 L.Ed. 500), was confiscatory, and may direct consideration to the remedies provided by the local law. True it is, as the appellant says, that judicial review by certiorari does not under the state practice embrace independent consideration by the reviewing court of any question of fact determined by the commission, notwithstanding that a claim of confiscation is asserted. People ex rel. Consolidated Water Co. v. Maltbie, 275 N.Y. 357, 9 N.E.2d 961; New Rochelle Water Co. v. Maltbie, 248 App.Div. 66, 289 N.Y. S. 388. But it does not appear that judicial review is similarly limited in an equity suit to restrain enforcement of a confiscatory order. So the Supreme Court stated in New York ex rel. Consolidated Water Co. v. Maltbie, 303 U.S. 158, 160, 58 S.Ct. 506, 82 L.Ed. 724, citing Pennsylvania Gas Co. v. Public Service Commission of State of New York, 211 App.Div. 253, 258, 207 N. Y.S. 599; New Rochelle Water Co. v. Maltbie, 248 App.Div. 66, 70, 289 N.Y.S. 388, 392. In the former case the court distinctly held that the plaintiff in an equity suit could obtain an independent consideration by the court of both the law and the facts within the requirements of the Ben Avon case, while in the latter the court said: "We have never held that a utility must have recourse to certiorari, rather than to equity, to review an order of the Public Service Commission upon constitutional grounds. No such holding was made or intended in New York State Electric & Gas Corp. v. Maltbie, supra." See, also, Consolidated Water Co. of Utica v. Maltbie, 167 Misc. 269, 3 N.Y.S.2d 799.

 Consequently, dismissal by the state court of the Company's equity action did not go on lack of jurisdiction, and that decision is res judicata of whatever it decided. It necessarily decided either that certiorari was an adequate remedy on the issue of confiscation alleged in the complaint, or that the allegations of the complaint did not show a confiscatory order. Either horn of the dilemma is fatal to the present appeal. If the state court decided that certiorari was an adequate remedy it may have been right, or it may have been wrong. It was right if confiscation turned only on questions of law; it was wrong if the complaint challenged findings of fact made by the commission on evidence upon which a court would find otherwise. But if it was wrong, an appeal by way of certiorari to the Supreme Court was available under the Fourteenth Amendment. On the other hand, the state court may have decided on the merits that the allegations did not show a confiscatory order, and for that reason certiorari was an adequate remedy. Such a ruling, if wrong, could also have been carried to the Supreme Court, but no attempt to do so was made. Therefore, on either interpretation of the state decision, we find no error in dismissing the suit at bar on the ground of res judicata.

Decree affirmed.