In the Matter of the Application for an Order to Review Made by CHARLES F. NIELD, Petitioner, against MARK GRAVES and Others, as and Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, May 1, 1940.

M. E. Harby, for the petitioner.

John J. Bennett, Jr., Attorney-General [Joseph M. Mesnig, Assistant Attorney-General, of counsel], for the respondents.

HILL, P. J. The State Tax Commission has determined that $25,000 paid on March 5, 1935, to petitioner by Green Fuel Economizer Corporation was income received as a salary and compensation for personal services (Tax Law, § 359, subd. 1) and taxable as income. The petitioner contends that the money was a gift and not taxable as income. (Tax Law, § 359, subd. 2, ¶ c.) He had been employed by the corporation from 1914 to November, 1933. Beginning as auditor, he advanced to the presidency, from which he resigned because of ill health. His illness continued until about the date of the payment. The capital stock of the corporation, except three qualifying shares, was all owned by what was described as an English private family corporation, E. Green & Son, Limited. The American company was reorganized in December, 1933, and a new corporation formed, the only change in the corporate name being that the words " Company, Inc.," were substituted for " Corporation." The new corporation had no connection with this transaction beyond the possibly relevant fact that a salary of $833.33 a month during 1934 was paid petitioner from its funds. Prior to 1929 petitioner had received a salary of $12,500 annually, increased by commissions or a bonus in prosperous years; thereafter it was reduced to $10,000 and no commission or bonus was paid.

The English company, by letter dated February 16, 1935, addressed to a Mr. Davies, who was president or in control of petitioner's former employer then in liquidation, and of the new company, stated: " The directors of E. Green and Son, Limited, confirm your retirement allowances to the employees at Beacon, whose services you have had to dispense with, as set out below:— Mr. C. F. Nield (honorarium) $25,000." This was followed by the names of eleven persons and opposite each, figures indicating a sum of money varying from a minimum of $100 to a maximum of $2,500. The word " honorarium " is not used in connection with any payment except Nield's. In the minutes of a meeting of the board of directors of the corporation held on March 5, 1935, a statement appeared, of which I quote the relevant part: " Mr. Allan Davies, the former president of the company, said that he had received a letter from Messrs. E. Green & Son, Limited * * * confirming the payments made to the employees at Beacon, whose services were dispensed with as of December 31, 1934; also approving the honorarium to be paid to Mr. C. F. Nield in the amount of $25,000," and a resolution was passed: " Resolved, that the honorarium of $25,000.00 to Mr. Nield be paid immediately and that the proper officers be and are hereby authorized to draw a check for this purpose." A check was drawn and deposited in the

bank to the credit of petitioner. The payment appears at two places on the books of the corporation as indicated by exhibits. The cash book as of the date of the payment shows the following: " C. F. Nield, c 25,000;" the ledger as of like date contains the following: " Contributions 25,000."

In *Bogardus* v. *Commissioner* (302 U. S. 34), beginning on page 42, the prevailing opinion states: " It is said that the word ' honorarium ' always denotes a compensatory payment. Without agreeing to this broad generalization, it is enough to say that the word is not here used by itself, but coupled with the word ' gift ' in the phrase ' gift or honorarium.' Presumptively, the user of the phrase must have known that the word ' gift ' did not include a compensatory payment, and it is hardly to be supposed that he would consciously nullify that word by the immediate use of another meaning the opposite."

An " honorarium " is a voluntary payment for a service rendered, an expression of gratitude for which an action could not be maintained. That the stockholders and directors regarded this payment a gift and not salary is shown by the fact that it was not included among the expense items in the income tax report of the corporation. The Tax Commission, in deciding this mixed question of law and fact, drew an inference from primary and evidentiary facts. (*Bogardus* v. *Commissioner, supra,* p. 39.) Probably, under the law of this State, if there were any facts to sustain the inference, we are required to confirm, although we might have decided differently if the matter had been submitted untrammeled by the earlier decision. (*People ex rel. Consol. Water Co.* v. *Maltbie,* 275 N. Y. 357; *Niagara Falls P. Co.* v. *Water P. & C. Comm.,* 267 id. 265. Cf. *Matter of Ballston Town Highway,* 281 id. 322.)

The determination should be confirmed.

CRAPSER, BLISS, HEFFERNAN and SCHENCK, JJ., concur.

Determination confirmed, with fifty dollars costs and disbursements.