In the Matter of the Application of THE BROOKLYN UNION GAS COMPANY, Respondent, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission, Head of the State Division of the Department of Public Service of the State of New York, and the Public Service Commission of the State of New York, Appellants.— Order affirmed, with ten dollars costs. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; McNamee, J., dissents, and votes to reverse on the ground that the order is a violation of subdivision 2 of section 23 of the Public Service Law. It is presumed that the order of the Public Service Commission is warranted, and when attacked, the burden is upon the company to show the illegality of the order. (*Des Moines Gas Co.* v. *Des Moines*, 238 U. S. 153, 163; *Ex Parte Young*, 209 id. 123, 165; *Leland* v. *Cameron*, 31 N. Y. 115, 122; *Trustees of Saratoga Springs* v. *Saratoga Gas Co.*, 122 App. Div. 203, 218.) The United States Supreme Court has held repeatedly that to justify a stay of an order of the Public Service Commission fixing rates, it is necessary to find, on a clear demonstration, that the order of the Commission was unreasonable, arbitrary or a confiscation of property; and that great and irreparable loss means confiscation. (*United Gas Co.* v. *Railroad Commission*, 278 U. S. 300, 309, 310, 313; *Gilchrist* v. *Interborough Co.*, 279 id. 159, 206, 207; *Galveston Electric Co.* v. *City of Galveston*, 258 id. 388, 403; *Willcox* v. *Consolidated Gas Co.* [3 actions], 212 id. 19, 42.) The court did not find that the present rates charged by the company were reasonable, or that the rates proposed in the order were unreasonable; that the amount of the earnings of the company would be thereby reduced to a point which would not permit a fair return on the investment, or that the enforcement of the order would result in confiscation. The order in question

* Affd., 266 N. Y, —.

makes use of the language of the statute in saying that the plaintiff would sustain great and irreparable damage, but the Special Term did not find, nor intend to find, that the company would lose anything if it had a right to receive; and did not find great and irreparable damage as defined by the United States Supreme Court in the cases above cited.