In the Matter of the Application of BRONX GAS AND ELECTRIC COMPANY, Petitioner, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, and the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondents.

Supreme Court, Albany County, November 26, 1934.

*Sherman & Sterling [William L. Ransom, Neile F. Towner, Colley E. Williams, Richard J. Smith and James J. Kirwin, Jr., of counsel],* for the petitioner.

*Charles G. Blakeslee,* for the respondents.

STALEY, J. Petitioner applies for a stay, pending the final determination by review of a certiorari herein, suspending the order of the Public Service Commission of October 16, 1934, directing a temporary decrease of rates of the petitioner for electric service of not less than twenty per cent to be effective November 1, 1934, and to continue until a final determination of just and reasonable rates. The effective date of the order has been extended by the Commission until December 1, 1934, to afford opportunity for consideration and disposition of this application.

It is not the function of the court upon this application to pass upon the validity of the order sought to be reviewed or upon the proceedings upon which such order is based, and, indeed, such proceedings are not fully before the court upon this application.

The power of the court is limited to an examination of the evidence submitted and identified upon this application, and a determination thereon as to whether great and irreparable damage would result to the petitioner, with a specification of the nature thereof, if the order of the Commission be not suspended during the review by certiorari.

The petitioner has about 60,000 electric consumers, to all of which bills are rendered monthly. A decrease in rates to the extent of twenty per cent, or one-fifth, is a substantial reduction. It amounts to a gross annual reduction of operating revenue of $520,000 on the basis of present business and with resulting economies in taxation to a net annual reduction of $426,000.

If the determination of the Commission should be found to be erroneous upon review, a substantial portion of this reduction would be completely lost to the petitioner and an additional expense would result to secure what could be recovered, if recovery could be enforced, from so large a number of consumers.

In this, as in most rate cases, the contention centers around the effect of the evidence and the law pertinent thereto to establish a proper rate base. The rate-making power of the Commission is limited by the mandate of the statute to maintain " just and reasonable " charges for electric service. " Just and reasonable " rates have heretofore been held to have relation to the return thereby

upon the reasonable value of the property at the time it is being used for public service.

Reasonable or present value of the property has been heretofore held to be such as is found by the exercise of a reasonable judgment upon all the factors of value, actual cost, cost of reproduction, historical cost, going value and other elements, with allowance for depreciation.

By chapter 287 of the Laws of 1934 a different rule as to the method of establishing a rate base for temporary rates is prescribed by section 114 of the Public Service Law.

This section authorizes a requirement to maintain proper records of all the physical property actually used in the public service by any utility company and the maintenance of books and records to show currently the original cost of said property and the reserves for retirement or replacement. It further authorizes the Commission, if the public interest requires, to prescribe temporary rates, pending final determination of a rate proceeding, brought upon its own motion or upon complaint, which temporary rates shall be sufficient to provide a return of not less than five per cent upon the *original cost*, less accrued depreciation, of the physical property used and useful in the public service, and if the reports of the company do not show the original cost, less accrued depreciation, the Commission is authorized to estimate it and prescribe the rates thereon. Such temporary rates so fixed shall be effective until final rates are determined and effect of such temporary rates shall be considered in prescribing final rates.

As a procedural basis in proceedings under this section, the Commission has adopted certain rulings. One of those rulings defines " original cost of the property " to mean the actual money cost, or the current money value of any consideration other than money, at the time when said property was first devoted to the public service, whether by the company respondent in the proceeding or by any predecessor public utility.

The effect of this statute upon the exercise of the rate-making functions, its effect upon the duty imposed and limitation fixed by other sections of the law, its adoption of original cost, actually established or estimated, less accrued depreciation, as such term has been interpreted by the Commission, as the sole measure of rate base for temporary rates to the exclusion of other elements of physical property value, used and useful in the service, is a substantial departure from the basis heretofore established and its exercise in this case presents a substantial question and one that goes to the constitutional rights of the petitioner.

The determination made herein for temporary rates is not upon any established original cost by the records and books of the company, but is rather upon an estimate of that cost made by the Commission upon the evidence before it; evidence as to reproduction value, going value and other elements heretofore regarded as the essence of rate cases was not considered.

Section 114 of the Public Service Law comes into the picture for judicial consideration for the first time in a rate case.

It is here invoked under a procedural interpretation by the Commission as a justification for the exclusion of elements of property value heretofore regarded as essential.

While the exercise of rate regulation through the instrumentality of administrative bodies is a legislative function concerning which the Legislature has broad powers in procedural methods, a rule for rate base so established is more than mere procedural direction as it goes to the very vitals of constitutional and property rights.

I do not attempt to pass upon its validity but to hold that when its validity is challenged, as here, that great and irreparable damage may result to the petitioner if the determination of the Commission is not suspended until a final review may be had upon its application to the facts in the record before the Commission and to the result of the Commission's action thereon. (Pub. Service Law, § 23, subd. 2.)

The fact that section 114 permits the Commission, when it fixes permanent rates, to correct any error made in fixing temporary rates, does not eliminate the irreparability of damage that may be suffered through a reduction temporarily decreed by the Commission. The section authorizes the Commission to correct errors. It does not command it to do so and such authority can be more effectively exercised after a thorough review and establishment by judicial rule of the effect of the section and what constitutes a lawful exercise of the powers of the Commission thereunder.

The section, however, has a salutary purpose. It seeks to hasten the day of relief to consumers subject to rates unreasonable and excessive. It facilitates prompt action designed to avoid delays in rate cases which make haste slowly through the courts.

To that end a limitation, in harmony with the objective of the section, should be placed upon the stay.

Order may, therefore, be entered granting the application of petitioner for a stay upon condition that petitioner file a bond in a sum to be approved by this court, and so conditioned as to secure to its customers a refund with interest of any excess of charges ultimately found to have been collected by it during the period of this stay, which shall be limited to ten days after the

determination of the Appellate Division herein, and in no event to continue beyond May 24, 1935, within which time the certiorari herein should be heard and decided, unless by order of the court upon notice the stay is further extended.

Order may be settled before me on two days' notice.