In the Matter of the Application of THE NEW ROCHELLE WATER COMPANY, Appellant, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, and the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondents.*

Third Department, January 14, 1937.

*Whitman, Ransom, Coulson & Goetz* [*Jacob H. Goetz, Neile F. Towner, Richard Joyce Smith* and *Pincus M. Berkson* of counsel], for the appellant.

*Gay H. Brown, Counsel for Public Service Commission,* for the respondents.

* Revg. 158 Misc. 752.

HEFFERNAN, J. Petitioner has appealed from an order of the Albany Special Term of the Supreme Court denying its application for a stay of an order of the Public Service Commission prescribing rates to be charged by petitioner for water service in its New Rochelle Division on and after November 1, 1935, pending the determination of a certiorari proceeding, instituted by petitioner, to review the Commission's order.

Following the denial of its motion by the Special Term petitioner applied to this court for a stay of the enforcement of the order of the Commission as well as of the order of the Special Term pending the hearing and determination of its appeal to this court from such order. This court granted that application on certain conditions with which petitioner complied.

On review of the order of the Commission in the certiorari proceeding we annulled its determination on the ground, among others, that the Commission erroneously determined deductible depreciation by the application of a straight-line formula, and that the Commission erroneously deducted from petitioner's property a substantial amount representing payments claimed to have been made by petitioner's patrons as contributions for extensions, title to which, however, remained in the petitioner. (248 App. Div. 66.)

In view of our decision on the merits in that proceeding we are committed to the proposition that petitioner presented substantial questions of law for review by our court and that great and irreparable injury would have resulted to it had not this court granted the temporary stay pending the hearing and determination of the certiorari proceeding.

This court having granted the stay which the Special Term refused and having later annulled the Commission's determination in the certiorari proceeding, the decision of the question involved on this appeal is of no importance in this case and ordinarily we would be inclined to dismiss the appeal. We think the question presented, however, is of sufficient importance to require its determination by this court. The issue is one likely to frequently arise and consequently we desire to formulate the rule which should guide the Special Term in the future in dealing with applications for a stay.

Statutory power to grant a stay and suspension of an order of the Commission is conferred by section 1295 of the Civil Practice Act, while section 23, subdivision 2, of the Public Service Law imposes procedural requirements to be observed upon the hearing and decision of an application for a stay or suspension of a rate order made by the Commission.

In its application to the Special Term for a stay petitioner presented proof showing the presence of questions of substance for consideration by this court and also made a proper showing of irreparable damage within the purview of section 23, subdivision 2, of the Public Service Law. Upon making such proof it became entitled to the granting by the Special Term of the stay requested (*Matter of Brooklyn ·Union Gas Co.* v. *Maltbie*, 242 App. Div. 718; affd., 266 N. Y. 659.)

The motion which petitioner made did not require the court below to decide the issues presented by petitioner upon which it sought the annulment of the Commission's order, but merely to ascertain whether questions of substance were presented for consideration by this court upon the hearing of the certiorari proceeding on the merits, and whether, if those questions should be finally determined in favor of petitioner, it would suffer irreparable damage in the meantime.

It appears from its opinion that the court below predicated its decision on the erroneous assumption that it was necessary for that court, in order to grant the stay, to find that the order of the Commission was unreasonable, arbitrary or capricious. Obviously a finding that the Commission's action is unreasonable, arbitrary or capricious requires a determination of the issues on the merits. Such a determination cannot be made by the Special Term, *first*, because the record is not before the Special Term upon which such a determination may be made; *second*, because it is the province of the Appellate Division, under section 1300 of the Civil Practice Act, and not the Special Term, to make such a determination.

The only province of the Special Term on an application for a stay is simply to decide whether the petitioner in good faith has submitted questions of substance which should be considered by the Appellate Division before the Commission's order should be allowed to take effect, and whether, from the specific facts, irreparable damage would result from the denial of the motion should the appellate court annul the order under consideration. The Special Term is without jurisdiction to determine the issues raised for review by the Appellate Division.

Apparently the Special Term assumed that petitioner was requesting it to substitute its judgment on the facts for that of the Commission. That assumption is erroneous. The claims, however, which the petitioner raised upon the motion for a stay did not place in issue mere questions of fact but rather fundamental questions of law involving considerations of the general power of the Commission and of the propriety of its action.

The cases cited by the Special Term in its opinion, and upon which it relied, are all distinguishable from the case under review.

The order appealed from should be reversed. The motion for a stay should have been granted.

RHODES, Acting P. J., and CRAPSER, J., concur; McNAMEE and BLISS, JJ., dissent on the ground that the question involved is now academic.

Order reversed on the law and facts. Motion for stay should have been granted.