COUNTY TRANSPORTATION COMPANY, INC., Respondent, *v.* MILO R. MALTBIE et al., Constituting the Public Service Commission of the State of New York, et al., Appellants.

Third Department, March 24, 1948.

*Philip Halpern, counsel to the Public Service Commission,* attorney (*George H. Kenny* of counsel), for appellants.

*Edward R. Brumley,* attorney (*Thomas Bronson Jewell* and *Randolph J. Seifert* of counsel), for respondents.

HEFFERNAN, J. Respondent, an omnibus corporation, organized under the Transportation Corporations Law of this State, is engaged in the transportation for hire of passengers by motor vehicle, in Westchester County, New York, and in Connecticut, its main route extending between New Rochelle, New York, and Stamford, Connecticut.

In September, 1944, appellants (hereafter referred to as the Commission) instituted a proceeding for an investigation and examination of respondent's books and records. As a result of that investigation the Commission, in January 1946, instituted a rate proceeding. Hearings were held from time to time between January 22, 1946, and July 8th of the same year.

On November 20, 1946, the Commission made an order prescribing temporary rates which became effective on February 1, 1947. Subsequently and on August 6, 1947, the Commission made an order prescribing permanent rates. The permanent rates are identical with the temporary rates, namely, three tokens or tickets for twenty-five cents for service for which a straight ten-cent fare had been charged by respondent prior to February 1, 1947.

On December 23, 1946, respondent initiated a proceeding under article 78 of the Civil Practice Act to review the temporary rate order. It also applied to the Special Term of this court for a stay of the enforcement of the temporary rate order pending the review. The Special Term denied the application and respondent appealed from that order and applied to a justice of this court for a stay pending appeal. That application was likewise denied. Respondent, thereupon, abandoned the certiorari proceeding and on September 8, 1947, instituted the present action for a temporary and permanent injunction against any attempt to compel it to observe the orders of the Commission made on November 20, 1946, and August 6, 1947, on the theory that the prescribed rates are confiscatory.

After the commencement of the action respondent, on September 12, 1947, applied to the Albany Special Term of the Supreme Court for a temporary injunction to restrain the Commission from enforcing its temporary and permanent rate orders.

Meanwhile for the purpose of maintaining the *status quo* while respondent's motion was being considered by the Special Term the Commission made a series of orders extending the

effective date of the permanent rate order until November 24, 1947.

On November 19, 1947, the Special Term granted respondent's application and issued an injunction, *pendente lite,* against both the temporary and permanent rate orders.

The Commission promptly appealed to this court from the injunction order and applied to a justice of this court for a stay of its operative effect in respect to the temporary rate order during the pendency of the appeal.

On December 5, 1947, the justice to whom the application was made, granted such a stay upon condition, among others, that the Commission should postpone the effective date of the permanent rates to and including January 15, 1948. The Commission complied with that condition and this court at the January, 1948, term continued the stay pending the determination of the appeal.

The only question which we need consider in this case is contained in that part of the order under review which applies to the temporary rate order of the Commission. The court below properly restrained the Commission from putting into effect the permanent rate order. The Commission does not question the validity of that ruling. It has not attempted and is not attempting to enforce the permanent rate until the merits of the controversy are finally decided. The temporary rate order is to be continued by the Commission until the conclusion of the litigation.

Section 114 of the Public Service Law, which authorizes the Commission to prescribe temporary rates, provides, in part, as follows: " Temporary rates so fixed, determined and prescribed under this section shall be effective until the rates to be charged, received and collected by said utility company shall *finally* have been fixed, determined and prescribed. The commission is hereby authorized in any proceeding in which temporary rates are fixed, determined and prescribed under this section, to consider the effect of such rates in fixing, determining and prescribing rates to be thereafter charged and collected by said public utility company on *final* determination of the rate proceeding." (Italics supplied.)

It is the contention of respondent that because the Commission has fixed permanent rates it is no longer protected by the recoupment provision in section 114. We think it is unduly apprehensive in this respect and that its fears are groundless.

On the application for a stay and in its brief the Commission has stipulated that permanent rates will not be enforced until

final adjudication of the cause. If respondent should ultimately succeed and new rates are fixed, the recoupment provision of the temporary rate statute fully protects it against any possibility of loss. (*Staten Island Edison Corp.* v. *Maltbie,* 267 App. Div. 72, affd. 292 N. Y. 611; *Matter of Bronx Gas and Electric Company* v. *Maltbie,* 271 N. Y. 364.) Under such circumstances the Commission would be estopped to deny that respondent would be entitled to the benefits of that statute.

In our opinion the recoupment provision does not cease to operate merely because permanent rates are fixed. Respondent is fully protected against loss until permanent rates *are actually put into effect.* It matters little to respondent whether this result is accomplished by the Commission's order postponing the effective date of the permanent rate or by this court's order enjoining enforcement thereof. In neither event can respondent suffer loss. This view was adopted by both parties, by this court and the Court of Appeals in *Staten Island Edison Corporation* v. *Maltbie* (270 App. Div. 55, affd. 296 N. Y. 374).

In the case last cited the Commission had adopted not only temporary but permanent rates. On appeal to this court it was conceded by the respective parties that if plaintiff should succeed in attacking the permanent rate the recoupment provision in section 114 would protect it against interim losses. We adopted that construction of the statute and the Court of Appeals sanctioned our conclusion.

The proper construction of the statute in the light of what it was designed to accomplish is that temporary rates prescribed thereunder shall be continued until permanent rates *are actually placed in effect.* The statute was plainly designed to permit the Commission to prescribe temporary rates during the period that permanent rates are under consideration by the Commission or the courts and until a permanent rate by the Commission is finally established and actually placed in effect. Only in this way can respondent and the public be protected during the pendency of litigation concerning the reasonableness of the permanent rate. Certainly the public interest is not protected by the refund slip provision contained in the order of the Special Term.

In view of our conclusion that the temporary rate is in effect, respondent is fully protected by the recoupment provision and is in no position to assert confiscation. The Special Term had no jurisdiction to grant the temporary injunction upon a finding that respondent would sustain " great and irreparable damage ". As we have now shown it is fully protected against any loss.

To sustain the order of the Special Term would deprive the public of protection during the interim.

The order of the Special Term insofar as it grants an injunction against the temporary rates is reversed on the law and facts, with $10 costs and disbursements and the application in that respect is denied, with $10 costs. The order restraining the enforcement of permanent rates is affirmed and continued. Pending the final determination of the questions involved in this case the Commission is restrained from enforcing permanent rates.

BREWSTER, FOSTER and RUSSELL, JJ., concur; HILL, P. J., dissents, upon the ground that the reduction of rates or a reduction in the prices of any necessity fixed before the present increase in all cost items seems unreasonable. The temporary stay should be affirmed.

Order of the Special Term insofar as it grants an injunction against the temporary rates is reversed, on the law and facts, with $10 costs and disubrsements and the application in that respect denied, with $10 costs.

Order restraining the enforcement of permanent rates affirmed and continued. Pending the final determination of the question involved in this case the Commission is restrained from enforcing permanent rates.