In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Petitioner, against MILO R. MALTBIE et al., Constituting the Public Service Commission of the State of New York, et al., Respondents.

Supreme Court, Special Term, Albany County, February 11, 1949.

*James P. Hill, Jacob H. Goetz, Richard Joyce Smith* and *Edwin D. Kyle* for petitioner.

*Sherman C. Ward, George H. Kenny, Samuel R. Madison* and *Joseph J. Doran* for respondents.

*Herman E. Cooper* for Brotherhood of Consolidated Edison Employees, *amicus curiæ.*

*John P. McGrath, Corporation Counsel of the City of New York (Andrew Bellanca* of counsel), *amicus curiæ.*

BOOKSTEIN, J. This is a proceeding to review a temporary rate fixed by the Public Service Commission (hereinafter referred to as "the Commission"), which it is claimed will reduce petitioner's revenues from electric service by not less than $21,500,000 a year, or $65,000 a day.

Petitioner seeks an order transferring the proceeding to the Appellate Division of the Third Department or, in the alternative, in the event that this court shall deem the issues raised to be such that it may dispose of the cause on the merits, then that this court grant appropriate relief to petitioner. The ultimate relief sought is the correction of the order of the Commission, after a review, or that an order be made annulling, vacating and setting aside the order sought to be reviewed. Respondents consent to a transfer to the Appellate Division. In fact, they contend that this court has no power to do anything other than to transfer this proceeding.

Whatever may be the final determination on the merits of the issues raised by petitioner as to notice of a hearing and the holding of any hearing on the question of temporary rates and the increase in the depreciation figure with the resultant decrease in the rate base, the ultimate fact is that the order sought to be reviewed had its genesis in, and emanated from, a hearing on the question of rates. When a review is sought, in a proceeding in the nature of certiorari, of an order made after a hearing, section 1296 of the Civil Practice Act requires the transfer of the proceeding to the Appellate Division for a

determination on the merits, in the first instance. (*Matter of Brenner* v. *Bruckman,* 253 App. Div. 607; *Matter of New Rochelle Water Co.* v. *Maltbie,* 249 App. Div. 378.)

Petitioner also moves for a stay of the order sought to be reviewed pending a final determination of the controversy presented in this proceeding. Respondents oppose the application for a temporary stay and assert that, in the situation here presented, this court is without authority to grant such stay.

Discretionary power is conferred upon the Special Term to grant a stay, pending the final order, in a certiorari proceeding even though the proceeding be transferred to the Appellate Division for determination of the merits thereof. (Civ. Prac. Act, § 1299.) In a proceeding to review a rate order made by the Commision, however, the discretionary power conferred by section 1299 of the Civil Practice Act is limited and restricted by subdivision 2 of section 23 of the Public Service Law, which, among other things, provides that " No order staying or suspending an order of the commission fixing any rate   *   *   * shall be made by the supreme court " unless said order " shall contain a specific finding based upon evidence submitted to the court and identified by reference thereto, that great and irreparable damage would otherwise result to the petitioner and specifying the nature of the damage."

Prior to the enactment of section 114 of the Public Service Law (hereinafter referred to as " the statute ") in an appropriate action or proceeding, the operation of a temporary rate to be charged by a public utility company could be enjoined or stayed, as confiscatory, if it denied a fair return upon all the elements of capital value which must be considered in fixing the final rate. (*Prendergast* v. *New York Tel. Co.,* 262 U. S. 43.) Since the enactment of the statute in 1934 (L. 1934, ch. 287), however, following the decision in the *Prendergast* case (*supra*) a temporary rate, fixed in accordance therewith, cannot be enjoined or stayed solely on the ground that such temporary rate is confiscatory, since that statute makes provision for giving consideration to the effect of such temporary rate in fixing the final rate. That statute permits recoupment, through the final rate, of any possible confiscation which may have occurred as the result of an erroneous temporary rate. It was on that basis that the constitutionality of the statute was sustained in *Matter of Bronx Gas & Elec. Co.* v. *Maltbie* (271 N. Y. 364).

Since the decision in the *Bronx Gas and Electric Company* case (*supra*) the question of whether or not a temporary rate

is confiscatory is no longer a matter for litigation in the courts, except upon a review of the final rate; in other words, the question of confiscation cannot be present until the fixing of the final rate. (*Staten Island Edison Corp.* v. *Maltbie,* 267 App. Div. 72, 77, affd. 292 N. Y. 611.) Consequently the courts have quite consistently refused to enjoin or stay the operation of temporary rates, pending the determination of a final rate.

The same reasoning that precludes an injunction against a temporary rate in an equity action would preclude the granting of a temporary stay in a proceeding under article 78 of the Civil Practice Act whose sole purpose is to review a temporary rate; in other words, when a temporary rate to be charged by a public utility company is fixed by the Commission, in purported accordance with the statute, the right to a stay, which existed prior to its enactment, still exists theoretically but for all practical purposes, it may fairly be said to be extinct.

The only reported cases called to the court's attention in which a stay was granted, pending judicial determination in certiorari of a temporary rate order, *after the enactment of the statute,* are *Matter of Bronx Gas & Elec. Co.* v. *Maltbie* (153 Misc. 585) the first *Staten Island* case (267 App. Div. 72, affd. 292 N. Y. 611, *supra*) and the second *County Transportation* case (189 Misc. 743, mod. 273 App. Div. 437).

In *Matter of Bronx Gas & Elec. Co.* v. *Maltbie* (153 Misc. 585) the stay was granted after the enactment of the statute but that occurred shortly after the effective date of the statute and before its constitutionality had been upheld by the Court of Appeals. Indeed, the question of the constitutionality of the statute and hence the question of whether there would be recoupment in the event it was declared unconstitutional was a prime factor in the granting of the stay. That case can no longer be regarded as an authority for a stay against a temporary order in the light of the decision in the *Bronx Gas and Electric Company* case (271 N. Y. 364, *supra*).

In the first *Staten Island Edison* case (267 App. Div. 72, affd. 292 N. Y. 611, *supra*) which was an equity action to enjoin the enforcement of temporary rates, Special Term dismissed the complaint. Thereafter a justice of the Appellate Division granted a stay of the temporary rate order, pending application to the full court for a stay pending appeal. The Appellate Division affirmed Special Term's dismissal of the complaint and denied plaintiff's application for a stay pending that appeal. (267 App. Div. 72, 78.) Plaintiff applied to the Appellate

Division for a stay pending an appeal to the Court of Appeals, which application was denied except that it did grant a stay for ten days to enable plaintiff to apply to the Court of Appeals for such a stay. An application was made to the Court of Appeals for a stay pending the appeal to that court and also for a stay pending the determination of such application. The former was denied. Only the latter stay was granted. Prior to deciding the cause on the merits (292 N. Y. 611) the Court of Appeals denied the application for a stay pending the appeal. The chronology of these events indicates an unmistakable policy against granting a stay of a temporary rate order.

In the second *Staten Island* case, which was an action in equity, the Appellate Division temporarily enjoined the enforcement of rates but that injunction was granted as to final rates. (*Staten Island Edison Corp.* v. *Maltbie,* 270 App. Div. 55, affd. 296 N. Y. 374.)

In *Matter of County Transp. Co.* v. *Maltbie* (Sup. Ct., Albany Co., Jan. 17, 1947, RUSSELL, J.), Special Term, in an unreported opinion, denied a stay against the enforcement of temporary rates in an article 78 proceeding. Following the fixing of a final rate an equity action was instituted and a temporary injunction was granted by Special Term against the enforcement of both the temporary and permanent rates, which were identical. (*County Transp. Co.* v. *Maltbie,* 189 Misc. 743.) The Appellate Division (273 App. Div. 437) reversed the order of Special Term insofar as it granted the injunction against the temporary rates but affirmed as to the permanent rates. At pages 440–441, the court said: " In view of our conclusion that the temporary rate *is in effect,* respondent is fully protected by the recoupment provision and is in no position to assert confiscation. The Special Term had *no jurisdiction to grant the temporary injunction* upon a finding that respondent would sustain ' great and irreparable damage '. As we have now shown it is fully protected against any loss. To sustain the order of the Special Term would deprive the public of protection during the interim." (Emphasis supplied.)

The stay granted by the Appellate Division, in *Matter of New Rochelle Water Co.* v. *Maltbie* (249 App. Div. 378, *supra*) after the enactment of the statute, was of a *final* or permanent rate order and not of a temporary rate order.

Petitioner, in effect, however, asserts that the statute has not been complied with and that hence its right to a stay is the same as it was at the time of the decision in the *Prendergast* case

(262 U. S. 43, *supra*) and prior to the enactment of the statute; that the order sought to be reviewed is *ultra vires,* as not in accordance with the statute in that the temporary rate provides for a return which is less than the minimum of 5% fixed by the statute; that the hearings on final rates have been closed and hence there is no authority for reopening same to consider the effect of the temporary rate, after the hearings on permanent rates have been closed; that if the order under review is annulled, petitioner will have been deprived of the difference between the temporary rate and the rate which existed prior thereto; that by reason of all of such claims, it would then suffer great and irreparable damage and that, hence, it is entitled to a stay of the temporary rate, pending final determination of this proceeding.

In *Matter of New Rochelle Water Co.* v. *Maltbie (supra)* the stay granted was of a permanent rate but the court enunciated therein the rule which was to guide Special Term in determining whether a stay should be granted or denied. It said (p. 380) that " The only province of the Special Term on an application for a stay is simply to decide whether the petitioner in good faith has submitted questions of substance which should be considered by the Appellate Division before the Commission's order should be allowed to take effect, and whether, from the specific facts, irreparable damage would result from the denial of the motion should the appellate court annul the order under consideration."

For present purposes, this court will assume that substantial questions are presented for review in good faith.

There remains then for determination the question as to whether petitioner will suffer " great and irreparable damage " if a stay is denied and, only to the extent that this court is required by section 23 of the Public Service Law to determine that question, as a condition precedent to the granting of a stay, will this court of necessity, incidentally pass upon any of the issues which must be ultimately determined by the Appellate Division.

If petitioner is protected by the recoupment provision of the statute in the event that the order of respondents is finally annulled or modified, then there can be no sufficient finding of irreparable damage by this court, within the meaning of section 23 of the Public Service Law.

Petitioner has no permanent right to the rates in existence at the time that the order fixing new temporary rates went into

effect. Respondents have the right, to regulate petitioner's rates from time to time.

The temporary rates ordered by respondents have been placed, and are now, in effect. If the temporary rates are erroneous and petitioner has the right to recoupment of any loss due to such error, in the fixing of the permanent rate, then it is difficult to conceive how petitioner can suffer " great and irreparable damage " even if the order of respondents is annulled. The damage could be great but it cannot be irreparable, as it must be recouped.

It is true that the language employed in the statute, authorizing the Commission, in fixing final rates to consider the effect of temporary rates, is permissive rather than mandatory. Nevertheless, it is mandatory upon the Commission to consider the effect of the temporary rates in fixing the final rates. Indeed, it is only because the language employed must be regarded as mandatory rather than permissive, that the constitutionality of the statute was upheld, since the statute makes the necessary provision for recoupment of any confiscatory loss resulting from a temporary rate and, in the absence of such a mandatory recoupment provision, a temporary rate which is confiscatory would run afoul of the constitutional protection against confiscation. (*Matter of Bronx Gas & Elec. Co.* v. *Maltbie,* 271 N. Y. 364, *supra.*) The decision in that case squarely held that the provision of the statute for recoupment is mandatory.

So far as any possible invalidity of the temporary rate order for the reasons asserted is concerned, the respondents could not be heard to assert, and would be estopped from asserting, the invalidity of their own order, as a reason for failure to consider any confiscatory loss thereunder, in fixing the final rate. No order of the Commission fixing a final rate, which failed to give consideration and effect to experience under a temporary rate order, could successfully withstand attack. Nor can any weight be given to the factor that the hearings have been closed and hence the Commission cannot have evidence before it of the experience under the temporary rate in arriving at the final rate. It is true the hearing is closed so far as receiving evidence is concerned on all elements, *except evidence of the experience under the temporary rate.* For that purpose obviously the hearing will ultimately have to be reopened to receive evidence of the experience under the temporary rate, as without receiving and considering such evidence, which the respondents are *mandated* by the statute to do, they cannot make a valid permanent rate order.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

That respondents would be estopped from failing to give to petitioner the benefit of recoupment in a final rate, if the temporary rate order is annulled, has been unequivocally asserted by the Appellate Division in *County Transp. Co.* v. *Maltbie* (273 App. Div. 437, 440, *supra*) in the following language: " If respondent should ultimately succeed and new rates are fixed, *the recoupment provision of the temporary rate statute fully protects it against any possibility of loss. (Staten Island Edison Corp.* v. *Maltbie,* 267 App. Div. 72, affd. 292 N. Y. 611; *Matter of Bronx Gas and Electric Company* v. *Maltbie,* 271 N. Y. 364.) Under such circumstances the Commission would be *estopped to deny that respondent would be entitled to the benefits of that statute.*" (Emphasis supplied.)

In the first *Staten Island* case (267 App. Div. 72, affd. 292 N. Y. 611, *supra*) the opinion of Special Term, not officially reported, in addition to the matters quoted therefrom in the Court of Appeals decision also contained this statement: " *the plaintiff will be entitled to the statutory adjustment in the final order, however the temporary order may be treated on review.*" (Emphasis supplied.)

One of the purposes of the statute was to give to the public the benefit of an immediate rate reduction and to afford the Commission the benefit of the experience under the temporary rates, in fixing permanent or final rates. Such a purpose is defeated by the granting of a stay.

This court is of the opinion that, under the New York rule, which precludes a temporary injunction against enforcement of a temporary rate on the ground of confiscation, a temporary stay cannot be granted in an article 78 proceeding for review, *solely* on the ground of an alleged confiscatory temporary rate. The law must be regarded as settled that if the temporary rate order, under review, were to be annulled by the Appellate Division upon the merits, petitioner will be entitled to, and it will be mandatory upon the respondents to accord to petitioner, all of the benefits of the recoupment provisions of the statute, for the entire period during which the temporary rates have been actually in effect. Under such circumstances, there can be no " great and irreparable " injury to petitioner.

Apart from the question of confiscation based on an erroneous temporary rate, petitioner contends that an adverse effect on its financing during the effective period of the temporary rate constitutes such great and irreparable damage as to justify the granting of a stay. The record of the sale of its securities

since the temporary rate has become effective fails to justify such a contention.

Since this court cannot make a finding of " great and irreparable damage " as required by section 23 of the Public Service Law, the application for a stay must be denied.

Submit order transferring proceedings to Appellate Division, Third Department, and denying motion for a stay.